DICONZA TAURIG KADISH LLP          Presentment Date and Time: June 2, 2017 at 12:00 Noon
630 Third Avenue          Objection Deadline: June 2, 2017 at 11:30 a.m.
New York, New York 10017
Tel: (212) 682-4940
Fax: (212) 682-4942
Allen G. Kadish
Email: akadish@dtklawgroup.com

*Counsel for Ken Nahoum,*
*Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:          Chapter 11

KEN NAHOUM,          Case No. 16-12662 (MG)

         Debtor.

-------------------------------------------------------------x

## NOTICE OF PRESENTMENT OF APPLICATION OF
## DICONZA TAURIG KADISH LLP
## TO WITHDRAW AS COUNSEL TO THE DEBTOR

**PLEASE TAKE NOTICE** that upon the application (the "**Application**") of DICONZA TAURIG KADISH LLP ("**DTK**"), counsel for KEN NAHOUM, the above captioned debtor and debtor-in-possession (the "**Debtor**"), pursuant to Local Rule 2090-1 of the United States Bankruptcy Court for the Southern District of New York, authorizing DTK to withdraw as counsel to the Debtor, DTK will present the annexed proposed Order to the Honorable Martin Glenn, United States Bankruptcy Judge, in his Chambers, at the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, for signature on Friday, June 2, 2017 at 12:00 noon (the "**Presentment Date**").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief sought in the Application must be (i) electronically filed with the Bankruptcy Court; (ii) delivered to the

Chambers of the Honorable Martin Glenn; (iii) served upon DiConza Traurig Kadish LLP, counsel to the Debtor, Attn: Allen G. Kadish, Esq., 630 Third Avenue, New York, New York 10017; and (iv) served upon the Office of the United States Trustee, Attn: Andy Velez-Rivera, Esq., 201 Varick Street, New York, New York 10014; so as to be filed and received no later than Friday, June 2, 2017 at 11:30 a.m. (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE THAT** if no objections are timely filed and served, on or after the Objection Deadline the proposed Order may be submitted to the Court substantially in the form annexed hereto, which Order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: New York, New York
       May 25, 2017

DICONZA TRAURIG KADISH LLP

By: s/ Allen G. Kadish
    Allen G. Kadish
630 Third Avenue
New York, New York 10017
Tel: (212) 682-4940
Email: akadish@dtklawgroup.com

*Counsel for Ken Nahoum,*
*Debtor and Debtor-in-Possession*

DICONZA TRAURIG KADISH LLP  
630 Third Avenue  
New York, New York 10017  
Tel: (212) 682-4940  
Fax: (212) 682-4942  
Allen G. Kadish  
Email: akadish@dtklawgroup.com  

Presentment Date and Time: June 2, 2017 at 12:00 Noon  
Objection Deadline: June 2, 2017 at 11:30 a.m.  

*Counsel for Ken Nahoum*,  
*Debtor and Debtor-in-Possession*  

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
----------------------------------------------------------------x  

In re:                              Chapter 11  

KEN NAHOUM,                         Case No. 16-12662 (MG)  

                Debtor.  

----------------------------------------------------------------x  

### APPLICATION OF
### DICONZA TRAURIG KADISH LLP
### TO WITHDRAW AS COUNSEL TO THE DEBTOR

TO THE HONORABLE MARTIN GLENN,  
UNITED STATES BANKRUPTCY JUDGE:  

      DICONZA TRAURIG KADISH LLP ("**DTK**"), counsel for KEN NAHOUM, the above-captioned debtor and debtor-in-possession (the "**Debtor**"), hereby submits this application (the "**Application**") for an order pursuant to Local Rule 2090-1 of the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**") authorizing DTK to withdraw as counsel to the Debtor. In support of this Application, DTK respectfully represents as follows:

### BACKGROUND

      1.    On September 20, 2016, the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The Debtor retained DTK with court approval by order dated November 17, 2016 [Docket No. 29] (the "**Retention Order**").

3. The Debtor has worked for decades as a commercial photographer. The Debtor has also accumulated certain real property interests, primarily in two residential properties worth multi-millions of dollars.

4. Foreclosure proceedings commenced and proceeded against the Debtor's properties. In addition, the Debtor's commercial photography business had declined. The Debtor filed this chapter 11 case to preserve and maximize asset values for all his creditors and afford him the necessary time and statutory tools to reorganize his financial affairs.

## PRELIMINARY STATEMENT

5. The Debtor has located new counsel. The Debtor has requested that DTK withdraw as his counsel. That the Debtor has located replacement counsel indicates that DTK's withdrawal will not prejudice the Debtor.

## JURISDICTION

6. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A).

7. Venue of this case and this Application are proper pursuant to 28 U.S.C. § 1408.

8. The predicates for the relief requested are Local Rule 2090-1 and 22 NYCRR Part 1200, Rule 1.16(b)(3).

## RELIEF REQUESTED

9. By this Application, DTK requests that this Court enter an order authorizing it to withdraw as counsel to the Debtor.

## BASIS FOR RELIEF REQUESTED

10. DTK has been informed of the Debtor's desire to substitute counsel. New counsel has been identified. New York Codes, Rules and Regulations, Part 1200, Rule 1.16(b)(3), provides that "a lawyer shall withdraw from the representation of a client when the lawyer is discharged." Local Rule 2090-1(e) provides that "[a]n attorney who has appeared as attorney of record may withdraw or be replaced only by order of the Court for cause shown." DTK's request for an order to withdraw should be granted because DTK's withdrawal is at the request of the Debtor and complies with New York's Rules of Professional Conduct as stated above.

11. DTK will cooperate to foster an orderly transition. DTK requests that its withdrawal as counsel to the Debtor be without prejudice to its right to apply to the Bankruptcy Court for allowance and payment of compensation and reimbursement of expenses for services rendered and expenses incurred in connection with its engagement as counsel to the Debtor, including, without limitation, with respect to the transition to new counsel, in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of the Bankruptcy Court.

12. DTK does not anticipate opposition to this Application, has indicated its consent to new counsel's application to be substituted as counsel, and asks the Court to grant this Application without a hearing.

13. As a result of the Debtor's request to secure replacement counsel, DTK respectfully requests that this Court grant its application to withdraw as his counsel pursuant to Local Bankruptcy Rule 2090-1(e).

## NO PRIOR APPLICATION

14. No previous application for the relief request herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, DTK respectfully requests that this Court enter an order, substantially in the form attached hereto, relieving DTK as the Debtor's counsel, and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York  
      May 25, 2017

DICONZA TRAURIG KADISH LLP

By:  s/ Allen G. Kadish  
     Allen G. Kadish  
630 Third Avenue  
New York, New York 10017  
Tel: (212) 682-4940  
Email: akadish@dtklawgroup.com

*Counsel for Ken Nahoum,*  
*Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

In re:                                                          Chapter 11

KEN NAHOUM,                                                     Case No. 16-12662 (MG)

                    Debtor.

----------------------------------------------------------------x

**ORDER AUTHORIZING
DICONZA TRAURIG KADISH LLP
TO WITHDRAW AS COUNSEL TO THE DEBTOR**

Upon the application (the "**Application**") of DICONZA TRAURIG KADISH LLP ("**DTK**"), counsel for KEN NAHOUM, debtor and debtor-in-possession herein (the "**Debtor**"), for an order authorizing DTK to withdraw as counsel to the Debtor; and after due deliberation and sufficient cause appearing therefor; it is

ORDERED, that the Application is granted to the extent provided herein; and it is further

ORDERED, that in accordance with New York Codes, Rules and Regulations, Part 1200, Rule 1.16(b)(3), and Local Rule 2090-1 of the United States Bankruptcy Court for the Southern District of New York, DTK be, and hereby is, authorized to withdraw, and hereby is withdrawn, as counsel for the Debtor, effective _____ __, 2017; and it is further

ORDERED, that notwithstanding its withdrawal as counsel to the Debtor, DTK may apply to the Bankruptcy Court for allowance and payment of compensation and reimbursement of expenses for services rendered and expenses incurred in connection with its engagement as counsel to the Debtor, including, without limitation, with respect to the transition to new counsel,

in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of the Bankruptcy Court; and it is further

ORDERED, that this Court shall retain jurisdiction and authority to resolve any issues with respect to the relief provided by this order.

Dated: New York, New York
       June ____, 2017

                                                        _____
                                                        MARTIN GLENN
                                                        UNITED STATES BANKRUPTCY JUDGE