ARCHER & GREINER, P.C.  
630 Third Avenue  
New York, New York 10017  
Tel: (212) 682-4940  
Fax: (212) 682-4942  
Allen G. Kadish  
Email: akadish@archerlaw.com  

*Former Counsel for Ken Nahoum*,  
*Debtor and Debtor-in-Possession*

Hearing Date: July 30, 2018 at 10:00 a.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
---------------------------------------------------------x

In re:      Chapter 11

KEN NAHOUM,      Case No. 16-12662 (MG)

              Debtor.

---------------------------------------------------------x

### OBJECTION TO CONFIRMATION OF FIRST AMENDED
### CHAPTER 11 PLAN OF REORGANIZATION, AS MODIFIED

TO THE HONORABLE MARTIN GLENN,  
UNITED STATES BANKRUPTCY JUDGE:

    ARCHER & GREINER, P.C. ("**Archer**"), for itself and on behalf of DiConza Traurig Kadish LLP ("**DTK**"), former counsel for Ken Nahoum, debtor and debtor-in-possession in the above-captioned case (the "**Debtor**"), hereby submits this Objection to the *First Amended Chapter 11 Plan of Reorganization, as Modified* [Docket No. 275] (as amended, the "**Plan**")[1], as follows.

### BACKGROUND

    1.    On September 20, 2016, the Debtor filed with this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to the in the Plan.

2. The Debtor continues in possession of his property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No official committee of unsecured creditors, nor any trustee or examiner, has been appointed in this case.

4. The Debtor worked for decades as a commercial photographer. The Debtor also accumulated certain real property interests, primarily in two residential properties worth multi-millions of dollars.

5. Foreclosure proceedings commenced and proceeded against the Debtor's properties. The Debtor's commercial photography business declined. The Debtor filed this chapter 11 case to preserve and maximize asset values for all his creditors and afford him the necessary time and statutory tools to reorganize his financial affairs.

6. Following the filing, efforts were expended in late 2016 and early 2017 to arrange debtor-in-possession financing which would enable the Debtor to buy the third of the three units compromising the Soho penthouse (the Greene Street Property), settle long-fought litigation with Ms. Milewicz, satisfy a pre-petition mortgage, settle arrears and resolve litigation with the Debtor's condominium association and resolve other outstanding obligations and issues. The debtor-in-possession lender was located by the Debtor through his personal connection with a principal thereof. Frequent hearings were held and filings made on these issues. Painstakingly, and as a result of significant Court supervision, and the commitment and negotiation of the parties and their counsel, these milestones were achieved.

7. The financing, purchase, settlements and payments were approved by the Court by Orders dated April 14 and 17, 2017. The transactions closed as of May 3, 2017. These transactions

would position the Greene Street Property, which at the time, was estimated to fetch a market price well over the value of the debt. Appraisals were obtained for the Soho penthouse; the Debtor's appraisal as of January 23, 2017, showed a value of $25 million; Chase's appraisal as of February 14, 2017 showed a value of $21.5 million.[2]

## RETENTION OF COUNSEL

8. On November 17, 2016, the Court entered an Order approving the retention of DTK as counsel to the Debtor effective as of September 20, 2016.

9. By Order dated June 8, 2017, DTK withdrew as the Debtor's counsel effective as of June 8, 2017.

10. As of February 1, 2018, the practice of DTK was merged into that of Archer. Archer appears, and makes this limited objection, in place and stead of DTK.

11. In the Plan, the Debtor proposes a professional fee bar date to occur thirty days after the effective date. The professional fee bar date is explicitly excepted from the administrative bar date set in the case. Archer expects to file a final fee application seeking (subject to final verification) $540,199.00 in fees and $14,207.56 in out-of-pocket disbursements (and application of a retainer remaining as of the petition date of $18,624.50).

## OBJECTION

12. As currently drafted the Plan fails to meet the requirements of section 1129(a)(9)(A), as it does not provide for the payment in full of any allowed claim of DTK, and DTK has not agreed to the proposed treatment provided for its administrative expense under the Plan. As such, the Plan is not confirmable.

---

[2] The Debtor's appraisal of the Water Mill property as of December 30, 2016, showed a value of $6.6 million.

13. Archer raised these issues in its Limited Objection to Disclosure Statement [Docket No. 274], filed on June 4, 2018. Archer has attempted to engage Debtor's counsel and Titan to address the disparate treatment proposed for the DTK administrative claim, but has not succeeded in resolving the issues.

14. Titan's willingness to cap its super-priority administrative claim (which is comprised only of interest owed) under the Plan is not an act of sheer generosity[3]. Indeed, the Plan is effectively being pursued to enable Titan: (i) an opportunity to collect on any upside from the Water Mill Net Sale Proceeds; and (ii) to avoid paying transfer and similar taxes that would be owed on its closing on the Greene Street Property outside of a plan process. Titan will exit under the Plan with a valuable property that it can improve and re-sell.

15. Further, while the Debtor's other professionals appear to be capping their claims by agreement, they are not being asked to take less than 28% of their claim. By way of example, section 2.2 of the Plan provides that Shafferman & Feldman LLP, the Debtor's current bankruptcy counsel, agrees to cap its claim at $75,000.00, net of its retainer. Upon information and belief, Shafferman & Feldman LLP's fees are estimated to be approximately $90,000. Thus, it will receive the benefit of its retainer and not less than 83% of its administrative claim. There is no similar provision for DTK's capped claim to be "net of its retainer," which is even more offensive in light of the reduction DTK is being asked to take.

---

[3] Titan loaned the Debtor $13.175 million. It credit bid $13.550 million for the Greene Street Property in lieu of accepting the alternative cash bid that was in excess of the loan amount. Its super-priority claim is interest on the amount loaned.

16. Archer understands resources are limited at this point in this case. However, Archer is not willing to bear a disproportionate share of the pain for the benefit Titan and other administrative claimants.

17. Archer is willing to agree to the following treatment of the DTK claim:

(a) Ratable sharing among professional fee claimants in the upside of the Water Mill Net Sale Proceeds (i.e., all professional fee claimants receive the same percentage of distribution on account of their allowed claims, net of their retainers); and

(b) Titan agrees to allow Archer to share in any upside of its resale of the Greene Street Property after Titan's costs and expenses of the resale are accounted for (i.e., if Titan resells the Greene Street Property for $15 million, and its costs and expenses of the resale were $1 million, the upside would be $450,000 [$15 million - $13.55 million (credit bid) - $1 million (resale costs and expense) = $450,000]).

This would allow Titan the full benefit of its bargain and still allow for fair treatment of the DTK claim.

18. To the extent that treatment for the DTK claim is not revised consistent with this objection, Archer objects to the Plan as set forth above.

## CONCLUSION

WHEREFORE, Archer respectfully seeks relief in accordance with the foregoing and such other and further relief as is just and proper.

Dated: New York, New York  
       July 23, 2018

ARCHER & GREINER, P.C.

By: s/ Allen G. Kadish  
    Allen G. Kadish  
630 Third Avenue  
New York, New York 10017  
Tel: (212) 682-4940  
Fax: (212) 682-4942  
Email: akadish@archerlaw.com

– and –

Stephen M. Packman  
Three Logan Square  
Philadelphia, Pennsylvania 19103  
Tel: (215) 963-3000  
Fax: (215) 963-9999  
Email: spackman@archerlaw.com

*Former Counsel for Ken Nahoum,*  
*Debtor and Debtor-in-Possession*

214807316v1