**SCHWARTZ SLADKUS REICH GREENBERG ATLAS LLP**

Stephen H. Orel - Direct: 212-743-7049 – sorel@ssrga.com

August 13, 2018

By email mg.chambers@nysb.uscourts.gov

Hon. Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   Kenneth Nahoum
      Case No. 16-12662-mg

      **Kenneth Nahoum and Basia Milewicz v. Board of
      Managers of the Greene House Condominium
      Adv. Pro. No. 17-01046-mg//Payment of NYC DOF Claim Out of Settlement Fund**

Dear Judge Glenn:

I write to respectfully request that before the Court signs the proposed order submitted today confirming the Amended Plan, the Court modify the Plan to limit the amount of payment to the NYC DOF from the "Settlement Fund" to allow for full payment of our firm's contingent fee arising from the settlement that created that fund, assuming, of course, that the Court approves the application for same, which will be filed shortly.

By order dated July 7, 2017 (the "Retention Order"), the Court approved the retention of this firm as special litigation counsel to represent debtor Kenneth Nahoum in the above-referenced removed adversary proceeding. The retention order provided that "SSRGA be compensated by the lower of an hourly rate or 1/3 contingency of the recovery." The adversary proceeding was settled, after mediation, for a net benefit to the estate of $110,000, consisting of $90,000 in cash (the "Settlement Fund") and the lowering of amounts otherwise due to the Condominium by $20,000. The Court approved the settlement by order dated March 9, 2018 ("Settlement Order"). Copies of the Retention Order and Settlement Order are attached.

It has recently come to my attention that the *Amended* Chapter 11 Plan calls for payment of the NYC Department of Finance's claim, *in full*, out of the Settlement Fund, presently held in escrow by debtor's counsel, which will result in our contingent fee being shortchanged. I did not

Page 2

notice this provision of the amended plan and was not present in court when the confirmation motion was heard, and thus did not object.

Nonetheless, I respectfully submit it would be only fair that given the terms of the Retention Order, the Court should modify its approval of the plan (specifically, Section 5.1) to require that no more be deducted from the Settlement Fund for the benefit of NYC DOF than will leave in the fund enough to cover our 1/3 contingency claim against that fund. Such is, I respectfully submit, the intent of § 328(a) of the Code, which permits contingent fees and was specifically cited in the application for retention. My understanding is that unless the requested action is taken, our recovery from the Settlement Fund will be reduced by approximately $12,000, to approximately $22,000, leaving a total percentage recovery closer to 24.4% than 33% of the cash paid into the fund, with no allowance at all for disbursements.

I am preparing the fee application expect it to be filed in the next few days. I also expect that the 1/3 figure will be lower than the hourly total, leading to a total request for approximately $34,000 to be applied from the Settlement Fund. That figure is arrived at by applying the 1/3 contingency factor to the cash deposited in escrow in the Settlement Fund, and adding disbursements totaling approximately $3,900, consisting in large part of the $2,415.11 mediation fee. The application will seek an additional component of $6,666, applying the 1/3 contingency factor to the $20,000 in forgiven debt, as professional fees.

I therefore respectfully ask that before the Court sign the form of order submitted today confirming the plan, that the Court exercise its equitable powers to consider the request made herein and entertain an application to modify the Plan in the very limited manner set forth above. But for this firm's actions, the Settlement Fund would not exist at all.

I am available for a phone conference or in-person hearing at the Court's convenience should the Court deem such necessary.

I intend to seek the Court's permission to submit a proposed order to show cause with the fee application, should that be necessary.

Respectfully,

/s/ Stephen H. Orel

Encl.
cc: All Counsel (by email and ecf)

/858931.1A

The untimely objection is OVERRULED.
MEMORANDUM ENDORSED.    /s/ MARTIN GLENN
IT IS SO ORDERED.    UNITED STATES BANKRUPTCY JUDGE
DATED: August 16, 2018
New York, New York

SCHWARTZ
SLADKUS
REICH
GREENBERG
ATLAS